■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIAM FOSTER, SAMUEL BEHAR, and JAY ALLAN, Respondents. — Order, Supreme Court, New York County (Harold Rothwax, J.), entered on March 21, 1983, unanimously affirmed. (See *People v Kagan,* 56 NY2d 193.) No opinion. Concur — Sandler, J. P., Ross, Carro, Fein and Kassal, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE GONZALEZ, Appellant. — Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered on January 25, 1980, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur — Sandler, J. P., Ross, Carro, Fein and Kassal, JJ.

■ PABLO DIAZ et al., Appellants, v SKITCH HENDERSON et al., Respondents. — Order, Supreme Court, New York County (John Leonforte, J.), entered on October 5, 1982, unanimously affirmed, without costs and without disbursements. The appeal from the order of said court entered on October 25, 1982, unanimously dismissed as having been subsumed in the appeal from the order entered on October 5, 1982, without costs and without disbursements. No opinion. Concur — Sandler, J. P., Ross, Carro, Fein and Kassal, JJ.

# (November 22, 1983)

■ In the Matter of the Arbitration between COUNTRY-WIDE INSURANCE COMPANY, Respondent, and CARL ZAMPINO, Respondent. PRUDENTIAL PROPERTY & CASUALTY CO., Appellant. — Judgment of December 20, 1982, Supreme Court, New York County (Bernard Nadel, J.), which gave summary judgment to Country-Wide by declaring the driver's vehicle was insured by Prudential, unanimously reversed, on the law, with costs, and the matter is remanded for a *de novo* hearing. Respondent Zampino was a passenger in a 1969 Chevrolet driven by William Carmody when a collision occurred. Zampino made a claim under his own policy with Country-Wide on the grounds that the automobile was not insured. When Country-Wide rejected the claim, Zampino demanded arbitration. Country-Wide, in turn, petitioned to permanently stay arbitration, alleging that the vehicle was in fact insured by Prudential, and that Prudential's notice of cancellation (for nonpayment of premium) was ineffective. We find a number of issues which preclude summary judgment and require a fuller hearing. Among these questions must be whether Prudential issued Carmody a policy for this vehicle, or instead, for a 1968 Chevrolet, and if the latter, whether the contractual provision for coverage of subsequently acquired automobiles requires notice from the insured to the insurer. Concur — Murphy, P. J., Kupferman, Carro, Silverman and Kassal, JJ.